**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CHRISTOPHER DeVAUGHNS,**

    **Plaintiff,**

    vs.                                             **Civil Action 2:10-CV-532
                                                              Judge Marbley
                                                              Magistrate Judge King**

**STATE OF OHIO, DEPARTMENT
OF MENTAL HEALTH**

    **Defendant.**

<u>**ORDER**</u>

    Plaintiff, a state prisoner, brings this action under 42 U.S.C. §1983 alleging that the defendant state agency, the only defendant named in the original *Complaint*, failed to treat plaintiff's claimed psychological disorders that "result[] from being falsely imprisoned." *Complaint*, Doc. No. 4, at 5. On July 12, 2010, the United States Magistrate Judge issued an *Order and Report and Recommendation* granting plaintiff's motion for leave to proceed *in forma pauperis* but recommending that the action be dismissed for lack of subject matter jurisdiction. *Order and Report and Recommendation*, Doc. No. 2. The Magistrate Judge correctly reasoned that the Eleventh Amendment to the United States Constitution confers upon the defendant state agency absolute immunity from suit in this Court:

> "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662 (1974)(citations omitted). There is no indication that the State of Ohio, or its agency, the defendant Department of Mental Health, has waived the immunity conferred upon them by the United States Constitution. It follows, then, that this Court lacks jurisdiction to consider plaintiff's claim.

*Id.,* at 2.

    Plaintiff has not objected to the *Report and Recommendation*. However, on July 21, 2010, plaintiff filed an *Amended Complaint* in apparent response to the *Report and Recommendation*. *Amended Complaint*, Doc. No. 6. In that

pleading, plaintiff makes the same allegations as were asserted in the original *Complaint*; however, named as a defendant in the Amended Complaint is "Jeff McDonald, in his official capacity as mental Health Administrator, at the London Corr. Inst." *Id*., at 1. The *Amended Complaint* seeks an order directing the treatment requested by plaintiff.

The Eleventh Amendment does not bar a civil rights suit seeking injunctive relief against a state official named in his official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S.C. 58, 73-74 (1989); *Wolfel v. Morris*, 972 F.2d 712, 719 (6th Cir. 1992). The *Amended Complaint* therefore states a claim for injunctive relief over which this Court has jurisdiction.

**WHEREUPON** to the extent that the *Report and Recommendation* addressed the claim asserted in the original *Complaint* against a state agency, the *Report and Recommendation* is **ADOPTED and AFFIRMED**. The defendant State of Ohio, Department of Mental Health, is **DISMISSED** as a defendant in this action.

The action may proceed on the claim asserted in the *Amended Complaint* against defendant McDonald in his official capacity.

Should plaintiff submit service-related papers (*i.e.*, a copy of the *Amended Complaint*, a summons and a Marshal service form), the United States Marshal is **DIRECTED** to effect service of process on defendant McDonald, who shall have 45 days after receipt of service of process to respond to the Amended Complaint.

>    *s/Algenon L. Marbley*
>    Algenon L. Marbley
>    United States District Judge